No. 1109.

### R. G. COBB vs. J. E. McGUIRE, TAX COLLECTOR.

This Court has not jurisdiction of suits wherein the mode of enforcing the payment of taxes
is alone in dispute, unless the amount of the taxes claimed is large enough to bring them
within our jurisdiction. It is only where the constitutionality or legality of the tax is
contested that our jurisdiction attaches without regard to the amount involved.

Where no sum whatever is mentioned in the pleadings in an injunction of a tax sale, and the
advertisement makes no mention that the sale is to be for penalties, only the sum stated
in the advertisement as the taxes due will be considered in determining jurisdiction.

APPEAL from the Fifth District Court, Parish of Ouachita.
Richardson, J.

---

R. G. Cobb for Plaintiff and Appellee.

T. O. Benton for Defendant and Appellant.

36  801
45  723

36  801
107  99

The opinion of the Court was delivered by

Manning, J.  This is an injunction restraining the sheriff as tax collector from selling the property of the plaintiff for unpaid taxes. The pleadings nowhere contain any mention of the amount involved, but the assessment of the property and the advertisement of its sale shew that the taxes now in dispute are in amount $1,078.06.

The want of jurisdiction is palpable. We gathered from the oral argument that it was supposed our jurisdiction attached because the collection of a tax was involved. We have jurisdiction when the constitutionality or legality of a tax is the matter in dispute whatever may be its amount. No such question is presented here, but simply whether the tax collector is proceeding legally to enforce the collection of a tax, the constitutionality or legality of which is not disputed. In such case, the amount of the taxes must be sufficient to attract our jurisdiction as in other cases.

It was also stated at bar that the interest and penalties together with the taxes make considerably over two thousand dollars, but we have in vain searched the record to ascertain that the collector was proposing or endeavouring to enforce the payment of the penalties. His advertisement does not announce that he was doing so. On the contrary the terms of sale are that "the property shall be offered first for not less than the total amount of all the *taxes, licenses, interest, expenses and costs* due thereon on the 1st day of January 1880, and the costs of sale under this Act, and after the entire list has been offered, all such property upon which no bids equal to said amounts have been made, shall be again offered without readvertisement for not less than the principal of said taxes together with eight per cent per annum interest from the date when said taxes became due."

There is therefore no notice that the penalties will be exacted, or that the property will be sold to pay them, and if there had been an adjudication at a bid not less than the total amount of all the taxes, licenses, interest, expenses and costs, and the bidder had tendered that sum, how could the sheriff have demanded the penalties in addition, when the bidder was offering to comply with the terms of sale as published?

There is a recital at the close of the advertisement commencing thus: —"On all taxes due prior to 1869 fifty per cent damages and 25 per cent additional per annum from 1869 to January 1, 1876 and eight per cent thereafter." Then follows similar recitals of other damages on taxes for other years, but even these recitals are omitted in the later advertisement, there being two in evidence. There is not in the body of the

advertisement, or terms of sale, or any where else any statement or announcement that these penalties or damages were part of the claim for which the property was to be sold. And without the inclusion of them in that claim, the amount is below the jurisdiction we can now exercise.

It is true the plaintiff in his statement, which supplies the place of the burnt petition, avers that the collector had advertised he would sell for certain penalties, but the fact is that he had not so advertised. And it is also true that the defendant treats the suit as if it involved the penalties, but as parties cannot by consent confer jurisdiction upon us, so they cannot by mistake increase the amount involved so as to confer it. It must be remembered in this connection there is no averment of any amount, mistaken or true. The pleadings, we repeat, are silent upon the amount, no allegation being made even of the amount of the taxes, and we ascertain that amount solely from the assessment and the advertisement, and not only no amount of the penalties is anywhere mentioned, but no announcement that the penalties, if their amount is ascertainable, are demanded or that the property is to be sold for them.

It is rare, if not unprecedented, that neither the petition nor answer in a suit contains any mention of the sum, or of any sum involved. Rarely must resort be had to the evidence to ascertain what sum is in dispute, but to go further and include sums which are not claimed or in proof, would be to supplement defective allegations and defective evidence for the purpose of embracing jurisdiction for which we have no warrant.

We must not be understood as deciding that the penalties, if included, could be considered a part of the capital or principal so as to give us jurisdiction. Upon that matter we hold our opinion absolutely in reserve.

By constitutional amendments recently adopted the appellate jurisdiction of suits that like this involve amounts less than two thousand dollars has been conferred upon the Circuit Courts, and this cause must therefore be removed to that tribunal.

It is ordered that this appeal and the record thereof be transferred to the Court of Appeals for the Second Circuit holding term for the parish of Ouachita.